# Leidigh v. Philadelphia, Harrisburg & Pittsburg Railroad Company, Appellant.

*Railroads—Eminent domain—Widening road—Width of right of way.*

On a bill in equity to restrain a railroad company from appropriating land for the widening of its road without having secured to the plaintiff compensation therefor, a decree continuing a preliminary injunction is properly entered where the court finds as a fact that the original entry on the land thirty years before was without permission or authority, and as there were no monuments on the land to indicate an appropriation of the full width of sixty feet, authorized by the defendant's charter, no right had been acquired by occupation except as to the land actually used.

Argued April 23, 1906.    Appeal, No. 270, Jan. T., 1905, by defendant, from decree of C. P. Cumberland Co., June T., 1905, No. 3, continuing preliminary injunction in case of Harry

M. Leidigh, Executor of Mahala C. Leidigh, deceased, v. Philadelphia, Harrisburg & Pittsburg Railroad Company.   Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Bill in equity for an injunction.

SADLER, P. J., filed an opinion in which he found, inter alia, as follows:

The defendant's railway was constructed in the year 1872 or 1873 and has been continuously operated from that time, or soon thereafter, to the present day; abutments were constructed where the railway crosses the creek and a bridge erected thereon.   The land, heretofore actually occupied by the railroad, is twenty-six feet in width.   The lands of the plaintiff in contention lie along the creek or dam, and are not fenced. There are no monuments, marks or fences to indicate how much land had been appropriated by the railway company, except as appears from its bridge, roadway and tracks.

It is not pretended that any compensation was, or has been paid to John Beltzhoover, or secured to be paid to him by the Miramar Iron Company or its successors.   We are satisfied that the railway company entered upon and occupied the twenty-six feet in width, under the mistaken belief that it was under a grant from the owner, but that in fact it has been, and is a mere intruder.   We are of the opinion that what rights the defendant has on the land of the plaintiff, if any, are limited to the twenty-six feet, to which it has confined its occupation for more than thirty years, and that its attempt to appropriate an additional area or width at the present time, without compensation to the owner, or giving security to pay any damages, which may be suffered by the plaintiff, in consequence of such appropriation, is unlawful.

*Error assigned* was decree continuing preliminary injunction.

*Conrad Hambleton*, with him *John W. Wetzel*, for appellant.

*H. M. Leidigh*, *F. E. Beltzhoover* and *S. B. Sadler*, for appellee, were not heard.

PER CURIAM, May 14, 1906 :

This appeal is from an order continuing a preliminary injunction restraining the defendant from appropriating land for the widening of its road without having secured to the plaintiff compensation therefor.   The order is based on the finding that the original entry on the land thirty years before was without permission or authority, and there being no monuments on the land to indicate an appropriation of the full width of sixty feet, authorized by the defendant's charter, no right had been acquired by occupation except as to the land actually used.   The correctness of this finding and the other questions involved may be considered after final decree.   Following the established practice of this court, we will not consider them on this appeal.

The order is affirmed at the cost of the appellant.